# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case Number: 4:14-CR-152 |
| | § | Judge Mazzant |
| GREGG ROBERT LUEDDE | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Modify Conditions of Supervised Release (Dkt. #63).  The Court, having considered the motion, the response, and the applicable law, finds that the motion must be **DENIED**.

## BACKGROUND

On February 20, 2015, Defendant Gregg Robert Luedde ("Luedde") pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Dkt. #17). On November 10, 2015, the Court sentenced him to 121 months in prison, five years supervised release, and $1,500 restitution (Dkt. #43).  Luedde is currently serving his sentence at FCI Seagoville (Dkt. #64).  The Bureau of Prisons projects a release date of April 8, 2024 (Dkt. #64 at p. 3).  Upon his release, Luedde will report to the U.S. Probation Office. (Dkt. #64 at p. 8).

Under the conditions of Luedde's supervised release, he may not own any device that can connect to the Internet or use any digital device other that the one provided by the U.S. Probation Office (Dkt. #28).  He may not possess or view any sexually explicit images (Dkt. #28).  And he may not directly or indirectly contact any child under the age of eighteen years old (Dkt. #28).

On June 22, 2020, Luedde filed a motion to modify the term length and conditions of his supervised release (Dkt. #63).  On July 6, 2020, the Government responded (Dkt. #64).  On July 20, 2020, Luedde replied (Dkt. #68).

**LEGAL STANDARD**

District courts have discretionary authority to "modify, reduce, or enlarge the conditions of supervised release" at any time. 18 U.S.C. § 3583(e)(2). Modification is contingent on weighing the § 3553(a) sentencing factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with treatment in the most effective manner; (5) the established sentencing range; (6) any policy statement by the Sentencing Commission; (7) the need to avoid unwanted sentence disparities; and (8) the need to provide restitution to any victims. 18 U.S.C. § 3553(a); United States v. Paul, 274 F.3d 155, 165 (5th Cir. 2001). Considering these factors, any supervised release condition may not result in a greater deprivation of liberty than is reasonably necessary. 18 U.S.C. § 3583(d).

Courts must orally pronounce a defendant's sentence to respect their right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam); FED. R. CRIM. P. 43(a)(3). This pronouncement requirement provides a defendant an opportunity to object to any part of their sentence before it is imposed. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020). Though the Court must orally pronounce a defendant's sentence, it need not pronounce every term. *See United States v. Torres-Aguilar*, 352 F.3d 934, 936–38 (5th Cir. 2003) (per curiam). Courts are only required to orally pronounce discretionary conditions of a sentence, not mandatory conditions, because courts have no power to modify a mandatory term in response to a defendant's objection. *Diggles*, 957 F.3d at 557; *see, e.g.*, U.S.S.G. § 5D1.3(a)-(d). The statute regulating supervised release conditions, 18 U.S.C. § 3583(d), distinguishes some mandatory and discretionary conditions, but the root of the inquiry is the "fullness of [the defendant's] opportunity to defend against the charge." *Snyder v. Massachusetts,* 291 U.S. 97, 105–06 (1934).

**ANALYSIS**

Luedde asks the Court to: (1) reduce the term of his supervised release from five years to one year; (2) modify the special conditions of his supervised release to further his ability to pursue a career; (3) overturn the special condition prohibiting possession of sexually explicit videos or images because it is vague under the First Amendment; and (4) overturn the conditions of his supervised release because they were not read into the record during sentencing (Dkt. #63). The Government disagrees, arguing modification is premature because Luedde has not begun his supervised release yet and the Court properly pronounced the conditions at sentencing (Dkt. #64).

The Court finds Luedde's supervised release should not be modified because the length and terms are reasonable, the conditions are not vague, and he had adequate notice of the proposed conditions during sentencing.

**I.      Modification**

Luedde argues the Court should modify the term length and special conditions of his supervised release because: (1) the five-year term is excessive and will inhibit his ability to reenter society; and (2) the restrictions on accessing the Internet and contacting children under the age of eighteen will impede his lifestyle. Weighing the § 3553(a) sentencing factors, the Court affirms the original term length and special conditions of supervised release because Luedde's term of five years and the restrictions during the term are reasonable considering the nature of his crime, need to protect society, and need to provide him with medical treatment.

First, his term length of five years supervised release is mandatory under 18 U.S.C. § 3583(k). The offense is a "sex offense," so the "authorized term of supervised release . . . is any term of years not less than 5." 18 U.S.C. § 3583(k). The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release, but Luedde is not eligible

3

under this provision because he is still incarcerated.  This term length is also appropriate considering Luedde engaged in the illicit activity for several years before being caught and five years of oversight by the U.S. Probation office will assist him in meeting his goal of living a risk-free life.

Second, Luedde's restrictions on using the Internet and contacting children under the age of eighteen years old are reasonable under the circumstances of his offense and need to protect society.  Before being caught, Luedde viewed and downloaded hundreds of images and videos of child pornography for at least two and a half years (Dkt. #28 at p. 4).  Not only does the restriction on contacting young children protect society from him soliciting underage children, but the Internet restriction ensures he does not view or download videos or images in the future.  While Luedde argues these conditions are too restrictive, Courts have regularly held restricting the Internet is a permissible condition of supervised release because it "reasonably relates to the § 3553(a) factors." *United States v. Farrell*, 4:06CR103, 2018 WL 1035856 (E.D. Tex. Feb. 23, 2018); *see also United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013) ("[R]estrictions on Internet and computer use are often imposed in cases involving child pornography, and this circuit has routinely upheld such restrictions") (citation omitted).  These conditions are not arbitrary: through his plea, Luedde acknowledged he participated in the sexual exploitation of children by obtaining child pornography and admitted multiple times he has an addiction to child pornography and does not know how to get help.  The restriction on contacting underage children is also not unreasonable because it only prohibits intentional contact with children, not inadvertent encounters.

Supervised release is designed to be as much rehabilitative as it is putative.  Reemerging into public life is stressful and these conditions restrict help Luedde avoid reverting to his former habits.  Rather than preemptively modify supervised release, Luedde and the public are best served

by keeping them in place until his release and reevaluating after one year.

## II.      Vagueness

Next, Luedde argues the Court should modify his supervised release because the prohibition on viewing pornographic material is overly vague under the First Amendment.

This argument is foreclosed by the recent Fifth Circuit case *United States v. Abbate*, where the Fifth Circuit addressed a near identical challenge to a supervised release condition prohibiting a child sex offender from viewing pornographic material.  In *Abbate*, the Fifth Circuit held restrictions on viewing sexually explicit material are not overly vague because the "criminal context provides . . . the necessary commonsense understanding" of what content is prohibited. 970 F.3d 601, 605 (5th Cir. 2020).  Under *Abbate*, the restriction on viewing sexually explicit material specifically refers to pornographic materials as defined under 18 U.S.C. § 2256(2). *Id.*; *see also United States v. Brigham*, 569 F.3d 220, (5th Cir. 2009) (defining pornography material as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct").  Luedde argues the restriction is vague because "news magazines, prime time movies, television drama, advertisements, even 'wardrobe malfunctions' at a Super Bowl Halftime Show, all may qualify under the provision" (Dkt. #63 at p. 21).  But under both *Abbate* and § 2256(2), sexually explicit material is well defined to avoid Luedde unintentionally violating the condition.

As the special condition is not overly vague, Luedde's challenge to his supervised release condition is denied on this ground.

Case 4:14-cr-00152-ALM-CAN   Document 87   Filed 02/10/21   Page 6 of 7 PageID #:  660

### III.    Oral Pronouncement

Lastly, Luedde argues is term of supervised release should be overturned and remanded because the Court did not conduct a proper "reading into the record" of the special conditions before sentencing.  The Government disagrees, arguing Luedde had adequate notice of the conditions because the Court orally adopted the PSR.

The Court did not fail to orally pronounce the terms of Luedde's supervised release because the Court orally announced it adopted the PSR recommendations.  The Fifth Circuit recently clarified the sentence pronouncement requirement in *United States v. Diggles*, addressing a near identical situation where a district court orally adopted the PSR's recommendations. 957 F.3d at 560.   Under *Diggles*, "when the defendant confirms review of the PSR and sentencing goes forward, a court's oral adoption of PSR-recommended conditions gives the defendant an opportunity to object." *Id.*; *see also United States v. Bloch*, 825 F.3d 862, 872 (7th Cir. 2016) (rejecting a challenge to oral adoption of PSR conditions because it gave a "meaningful opportunity to object").  This standard does not impair a defendant's right to a fair sentence, but rather affords the opportunity for a meaningful written objection beforehand and avoids lengthy word-for-word recitation during an emotionally charged sentencing. *Id.* at 562.

At Luedde's sentencing, the Court orally pronounced the conditions of his supervised release by adopting the PSR recommendations.  Specifically, the Court held: "In addition, the defendant shall comply with the mandatory and special conditions set forth in the defendant's presentence report" (Dkt. #64 at p. 8).  As this pronouncement gave Luedde adequate opportunity to object, he is not entitled to remand the supervised release conditions for review on this ground.[1]

---

[1] The district court record on CM/ECF reflects that the final version of the PSR was sent to Luedde and his counsel on November 3, 2015 (Dkt. #39).  The final version of the PSR included the special conditions of his supervised release.

6

## CONCLUSION

As the conditions of supervised release are appropriate, not vague, and were appropriately pronounced at sentencing, the Court should not modify Luedde's sentence.  It is therefore **ORDERED** that Defendant's Motion to Modify Conditions of Supervised Release (Dkt. #63) is hereby **DENIED**.

**SIGNED this 10th day of February, 2021.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE