IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **GREGG ROBERT LUEDDE, #22686-078** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv858 |
| | § | CRIMINAL ACTION NO. 4:14cr152(1) |
| **UNITED STATES OF AMERICA** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Movant Gregg Robert Luedde's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, in which he asserts two constitutional violations concerning his Eastern District of Texas, Sherman Division conviction. After reviewing the case, the court concludes that Movant's § 2255 motion should be denied and dismissed with prejudice.

### I.  PROCEDURAL BACKGROUND

On November 13, 2015, United States District Judge Marcia A. Crone sentenced Movant to 121 months' imprisonment after he pled guilty pursuant to a written plea agreement to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Crim. ECF (Dkt. #21 at 1). The plea agreement contained the following waiver provision:

> Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel\.

Crim. ECF (Dkt. #21 at 5). Movant did not file a direct appeal.

On June 24, 2016, Movant filed his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his sentence based on a two-level enhancement to his base offense level. *See* Civil Action No. 4:16cv440. On October 11, 2016, however, Movant filed a motion asking that his § 2255 case be dismissed. *Id.* (Dkt. #11). The District Court granted Movant's motion, and his case was dismissed without prejudice on November 29, 2016. *Id*. (Dkt. ##16, 17). On March 22, 2017, Movant filed an appeal concerning the dismissal of his first § 2255 case. *Id.* (Dt. #18). Movant then filed a motion for clarification concerning the dismissal of his case, *id*. (Dkt. #23), which the court provided, *id.* (Dkt. #24). On November 6, 2017, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for want of prosecution. *Id.* (Dkt. #31).

Movant then filed several motions for compassionate release, Crim. ECF (Dkt. ## 57, 59, 66, 94), all of which were denied or dismissed, *id.* (Dkt. ## 58, 61, 85, 102). On August 4, 2022, the Fifth Circuit concluded that the District Court did not abuse its discretion in denying compassionate release, and affirmed the District Court's denial. *Id.* (Dkt. # 106).

After initially filing his second motion pursuant to 28 U.S.C. § 2255 (Dkt. #1) on October 30, 2020,[1] Movant amended and supplemented his motion, and the operative § 2255 motion[2] under review was filed on March 24, 2022 (Dkt. #15). The Government filed a Response (Dkt. #17),

---

[1] Movant states that he placed his § 2255 motion in the prison mailbox on October 30, 2020; thus, it is deemed filed on that date, pursuant to the prison mailbox rule. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date prisoner delivered his papers to prison authorities for filing)

[2] The record does not make it clear that Movant's § 2255 motion was timely filed when initially filed on October 30, 2020, but the Government did not raise the issue of timeliness in its Response. Movant states that he had only recently received the evidence providing the basis for his motion. In the interest of justice, the court will consider the merits of the amended motion.

asserting Movant's issues are without merit, to which Movant filed a Reply.³ (Dkt. #18).

## II. FACTUAL BACKGROUND

On October 9, 2013, a federal search warrant was executed at Movant's residence that he shared with his wife after it was discovered that someone at the residence had downloaded and shared images of child pornography. Crim. ECF (Dkt. #39 at 4). After Movant confessed to the offense, it was determined that Movant possessed 220 videos and approximately 5,600 images of child pornography. *Id*. at 5. The longest video of child pornography was forty-nine minutes in duration. *Id*.

On March 16, 2015, Movant pled guilty before United States Magistrate Judge Don D. Bush. *Id*. at 3. That same day, Movant signed a Factual Statement in which he stipulated that he "knowingly possessed material . . . that contained one or more visual depictions, the production of which involved the use of a prepubescent minor or a minor who had not attained 12 years of age engaging in sexually explicit conduct, and which visual depictions were of such conduct, that had been transported in interstate and foreign commerce, and that were produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce, by any means including a computer." Crim. ECF (Dkt. #23 at 1). Movant stipulated that he knew he possessed over 600 images involving the use of minors engaging in sexually explicit conduct, including depictions involving prepubescent minors. *Id.* at 3. After the Magistrate Judge recommended that Movant's plea of guilty be accepted, Crim. ECF (Dkt. #26), the District Court accepted the guilty plea on March 25, 2015, and the order docketed on March 26, 2015, Crim. ECF (Dkt. #27).

---

³Movant actually filed two Replies, but other than the Certificate of Service and a cover letter, the two are identical. (Dkt. ##18, 19). There are no differences for purposes of this opinion.

On November 10, 2015, Movant appeared via video before United States District Judge Marcia A. Crone for sentencing. After overruling Movant's objections to the Presentence Report ("PSR"), Crim. ECF (Dkt. #48 at 6), the court adopted the facts and calculations set forth in the PSR, *id*. at 7, and sentenced Movant to 121 months' imprisonment, *id.* at 18. The District Court issued Final Judgment on November 13, 2015. Crim. ECF (Dkt. #44).

### III. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### IV. GUILTY PLEA AND INEFFECTIVE ASSISTANCE OF COUNSEL

Movant raises a claim of ineffective assistance of counsel concerning an issue occurring prior to his guilty plea. A guilty plea, however, generally waives constitutional deprivations occurring prior to the plea. *United States v. Sanchez-Guerrero*, 546 F.3d 328, 311 (5th Cir. 2008), *cert. denied*, 556 U.S. 1172 (2009); *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A knowing and voluntary guilty plea waives all nonjurisdictional

deprivations that occurred prior to the plea. *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *Guerrero,* 546 F.3d at 331; *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007), *cert. denied*, 552 U.S. 936 (2007); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008).

Movant asserts counsel was ineffective for failing to review the evidence made available prior to advising Movant to plead guilty (Dkt. #15 at 4). Because this occurred prior to the plea of guilty, generally, it would be waived. *Id.* Since Movant's issue relates to the guilty plea, however, a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir., 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

Movant asserts counsel was ineffective by failing to review evidence that "undermined the knowingness of petitioner's plea." (Dkt. #15 at 4). He fails to provide the evidence that counsel allegedly failed to review and fails to show how this alleged error would have specifically changed the outcome of his case. Movant's assertion is conclusory, and federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross*, 694 F.2d at 1011-12). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Moreover, the record contradicts Movant's assertion concerning the knowingness of his plea. Movant signed a Plea Agreement in which he acknowledged he was guilty of possessing child pornography and that his plea of guilty was "freely and voluntarily made." Crim. ECF (Dkt. #21 at 1, 5). He stated that he "received satisfactory explanations from defense counsel concerning each

paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea." *Id.* at 6.  Further, he stated, "After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial." *Id.*  Furthermore, in the Plea Agreement Addendum, he stipulated to the multi-level increases to his base offense level.  Crim. ECF (Dkt. #22 at 1-2).

Additionally, Movant signed a Factual Statement in which he stipulated that he possessed over 600 images of children engaged in sexually explicit conduct, including depictions involving prepubescent minors.  Crim. ECF (Dkt. #23 at 1-3).   At his change-of-plea hearing, Movant was informed of the range of punishment he faced and that he will be required to register as a sex offender.  Crim. ECF (Dkt. #55 at 5).  Movant confirmed that he understood that and knew that he faced imprisonment for a period not to exceed twenty years. *Id.*  Movant confirmed that he had read the plea agreement and addendum, had discussed them with counsel, and that he thoroughly understood them. *Id.* at 6.  Additionally, Movant confirmed that he fully understood the factual statement, discussed it with his attorney, and that it was factually correct. *Id.* at 7.  At his plea hearing, the court discussed evidence from the factual statement, which Movant again acknowledged was true and correct, including possessing over 600 images of minors engaged in sexually explicit conduct that had been transported in interstate and foreign commerce. *Id.* at 8-9.  Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984). After questioning Movant, the court found that Movant was competent to plead guilty, he had able assistance of counsel, he understood his rights, the nature of

7

the charges, the maximum penalties that he faced, and while they are merely discretionary, he understood the District Court will refer to the sentencing guidelines. Crim. ECF (Dkt. #55 at 9). The court found that Movant pled guilty voluntarily, there is a factual basis for the plea, and that the ends of justice will be served by the acceptance of the plea of guilty. *Id*.

Movant fails to provide anything other than conclusory allegations to show that counsel was ineffective or that the outcome would have been different; accordingly, he is not entitled to relief. *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Moreover, Movant fails to show a reasonable probability that, but for counsel's allegedly deficient performance, he would have insisted on going to trial. *Hill*, 474 U.S. at 57-59. In fact, in his § 2255 motion, he specifically stated that he "would have made an open plea instead, preserving his right to challenge sentencing enhancements and relevant conduct." (Dkt. #15 at 4). Movant did not claim actual innocence, and his statement reinforces the fact that Movant was not interested in going to trial.

In sum, at the plea hearing, the Magistrate Judge found that, after consultation with counsel, Movant knowingly and voluntarily pled guilty. The Magistrate Judge also found that Movant was fully competent and capable of entering an informed plea. The Magistrate Judge found that he was "aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." Crim. ECF (Dkt. #26 at 1). The District Court accepted Movant's guilty plea and the plea agreement on March 25, 2015. Crim. ECF (Dkt. #27).

In cases where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

Movant fails to show that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). Movant fails to show that, but for counsel's allegedly deficient performance, the outcome would have been different, *Strickland*, 466 U.S. at 694, or that he would not have pled guilty and taken his chances at trial, *Hill*, 474 U.S. at 57-59. This issue is without merit.

## V.  PROSECUTORIAL MISCONDUCT

Movant also claims that he is entitled to relief because the Government provided inaccurate depictions and amounts of evidence to both defense counsel and the court. (Dkt. #15 at 5). This issue, however, is not reserved for review pursuant to Movant's written plea agreement in which he pled guilty. Movant is not claiming his sentence exceeds the statutory maximum or that counsel was ineffective in this matter – the two claims he reserved for review. *See* Crim. ECF (Dkt. #21 at 5). As noted above, Movant's plea was knowing and voluntary; thus, the waiver contained in his plea agreement must be enforced. Accordingly, Movant's issue concerning prosecutorial misconduct is waived.

Even if the claim was not waived, Movant must show that the evidence provided by the Government was false, that it was material, and that the Government knew it was false. *Giglio v.*

*United States,* 450 U.S. 150 (1972); *Boyle v. Johnson,* 93 F.3d 180, 186 (5th Cir. 1996). Movant provides no such evidence. He only makes a conclusory claim, and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, this court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant

shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VII.  CONCLUSION AND ORDER

In sum, Movant fails to show that, but for counsel's alleged deficient performance, the result of the proceedings would have been different. Movant also fails to show that, but for counsel's deficient performance, he would have not pled guilty and would have insisted on going to trial. Finally, Movant's prosecutorial misconduct issue was waived because it was not reserved for review as outlined in Movant's Plea Agreement.

It is therefore **ORDERED** the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 17th day of August, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE